**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                    No. 95-5667

DEBBIE FLOYD,
Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of West Virginia, at Wheeling.
Frederick P. Stamp, Jr., Chief District Judge.
(CR-94-10120)

Submitted: May 16, 1996

Decided: May 31, 1996

Before RUSSELL, LUTTIG, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

John J. Pizzuti, CAMILLETTI, SACCO & PIZZUTI, L.C., Wheeling,
West Virginia, for Appellant. William D. Wilmoth, United States
Attorney, Thomas O. Mucklow, Assistant United States Attorney,
Wheeling, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

## OPINION

PER CURIAM:

Debbie Floyd pled guilty to one count of crack cocaine distribution, 21 U.S.C.A. § 841 (West 1981 & Supp. 1995), and was sentenced to a term of 37 months imprisonment.* She appeals her sentence on the grounds that the penalties for crack offenses are unconstitutional and that the district court clearly erred in finding that she was not a minor participant. United States Sentencing Commission, Guidelines Manual § 3B1.2(b) (Nov. 1994). We affirm.

On several occasions in the summer of 1991, Floyd transported crack from New York to Clarksburg, West Virginia, where it was distributed by Peter Simpson ("Diamond"), a friend of hers who had set up a crack operation, and others. Floyd herself sold crack to undercover agents four times. She also wired money to New York for Simpson three times. A minor participant is one who is less culpable than most other participants, but whose role is not minimal. USSG § 3B1.2, comment. (n.3). To earn the adjustment, the defendant must have been substantially less culpable than the average participant. Id., comment. (backg'd). Here, Floyd performed three different tasks which furthered the distribution scheme, including making several sales of her own volition.

We have previously rejected the argument made by Floyd concerning the penalties for crack offenses. United States v. Fisher, 58 F.3d 96, 99 (4th Cir.), cert. denied, ___ U.S. ___, 64 U.S.L.W. 3270 (U.S. Oct 10, 1995) (No. 95-5923).

The sentence imposed by the district court is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

_____
*Floyd's sentence was later reduced to 30 months on the government's motion under Fed. R. Crim. P. 35(b).